NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **eVENUS PHARMACEUTICALS LABORATORIES INC., et al.,** <br><br> **Defendants.** | Civil Action No. 20-9369 (GC) (RLS) <br><br> **MEMORANDUM OPINION** <br><br> **FILED UNDER SEAL** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the March 21, 2022 application of Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A. (collectively, "Plaintiffs") to seek leave to amend the complaint to assert claims for trade secret misappropriation, unfair competition, and conversion against Defendants eVenus Pharmaceuticals Laboratories Inc. and Jiangsu Hengrui Medicine Co. Ltd. (collectively, the "eVenus-Jiangsu Defendants").  Dkt. No. 213.  On April 19, 2022, Defendants Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries Inc. and Natco Pharma Ltd. (collectively, the "Sun/Natco Defendants"), and the eVenus-Jiangsu Defendants, together with Defendant Fresenius Kabi USA, LLC, (collectively, the "eVenus Defendants") filed their respective oppositions to Plaintiffs' application.  Dkt. Nos. 245 and 247, respectively.  For the reasons set forth below, Plaintiffs' application for leave to file a second amended complaint is DENIED in part and GRANTED in part.

I.     BACKGROUND AND PROCEDURAL HISTORY

As the facts are well-known to the parties and the Court, they are not set forth at length herein. Instead, only those facts and procedural history related to the instant application are discussed herein.

On July 23, 2020, Plaintiffs initiated this action against the eVenus Defendants and the Sun/Natco Defendants under the Drug Price Competition and Patent Term Restoration Act of 1984, more commonly referred to as the Hatch Waxman-Act. On November 19, 2020, the Court entered a Scheduling Order in this matter, setting a deadline of January 7, 2022 for amendment of pleadings and joinder of parties. Dkt. No. 40 at p. 2. On March 21, 2022, Plaintiffs filed the instant application seeking leave to amend its complaint to assert four new claims against the eVenus-Jiangsu Defendants. Dkt. No. 213.

Specifically, Plaintiffs seek to assert the following claims against the eVenus-Jiangsu Defendants: (1) misappropriation of trade secrets pursuant to 18 U.S.C. § 1836; (2) misappropriation of trade secrets pursuant to the New Jersey Trade Secrets Act § 56:15-1, *et seq.*; (3) common law conversion; and (4) common law unfair competition. *See* Plaintiffs' proposed Second Am. Compl. at 49-55, Dkt. No. 214. Plaintiffs allege that they discovered, in the documents produced by the eVenus-Jiangsu Defendants in or around October and November 2021, Plaintiffs' proprietary information that appear to have been "lifted wholesale from at least four of Plaintiffs' regulatory submissions" for the branded product, Yondelis®. Dkt. No. 213 at p. 5.

While Plaintiffs acknowledge that their application is made well after the Court's January 7, 2022 deadline, Plaintiffs proffer that the delay was unavoidable and was a function of

deficiencies and defects in the production of discovery from the eVenus Defendants.[1]  *See* Dkt. No. 213 at pp. 4-5.  Plaintiffs add that they came across the first proprietary document within the eVenus-Jiangsu Defendants' possession during a review of the production in late January 2022 and thereafter ran targeted searches which uncovered additional proprietary documents and information "reflecting eVenus-Jiangsu's use of the information for their own research, product development, and regulatory submissions."  Dkt. No. 213 at p. 4.

Plaintiffs argue that good cause exists for the amendment of the complaint pursuant to Federal Rule of Civil Procedure 16(b) and that they have met the requirements of Federal Rule of Civil Procedure 15.  *See* Dkt. No. 213 at pp. 7-12; *see also* Plaintiffs' Reply, Dkt. No. 253 at pp. 5-7.  Plaintiffs further add that the allegations of trade secret misappropriation are inextricably intertwined with the issues already joined in this matter regarding patent infringement and validity, and claim that they would be unduly prejudiced by further delays in pursuing their claims.  *See* Dkt. No. 253 at pp. 2-5.

On April 19, 2022, the eVenus Defendants filed an opposition to Plaintiffs' application.  Dkt. No. 247.  The eVenus Defendants argue that the Court should deny Plaintiffs leave to amend because Plaintiffs have not established good cause.  *See* Dkt. No. 247 at p. 4.  They contend that Plaintiffs unduly delayed seeking amendment and, additionally, the proposed new claims would cause substantial prejudice to the Defendants by further complicating and delaying this Hatch-Waxman proceeding.  *See* Dkt. No. 247 at pp. 4-5.  The eVenus Defendants propose that, to limit prejudice and delay, and "promote judicial efficiency," the new trade secret claims, "if brought, be brought in a separate civil action."  Dkt. No. 247 at p. 5 (footnote omitted).

---

[1] The Court does not need to address any disputes relating to the discovery on the instant application for leave to amend and therefore does not address those issues in this Opinion.

Although the proposed new claims would not be asserted against the Sun/Natco Defendants, the Sun/Natco Defendants also oppose Plaintiffs' instant application. *See* Dkt. No. 245. The Sun/Natco Defendants argue that they would be unduly prejudiced by the insertion of the new claims because the amendment has the likelihood of impacting the trial date, already scheduled for June 12, 2023. *See* Dkt. No. 245 at p. 2. Because this action is brought under the Hatch-Waxman Act, the Sun/Natco Defendants contend, the trial date is critical to permit the parties the benefit of a resolution before the expiration of the 30-month stay of FDA approval of the ANDA products at issue in this case. *See id.*

Plaintiffs replied to the oppositions, contending that they have engaged in good faith and with due diligence, and that they would be unduly prejudiced if not permitted to proceed with the amendments in this action.[2] Dkt. No. 253.

## II. LEGAL STANDARD

Here, Plaintiffs seek leave to amend its pleading beyond the deadline originally set by the Court. As a result, Plaintiffs' request must be evaluated under Federal Rule of Civil Procedure 16 and Federal Rule of Civil Procedure 15.

Pursuant to Rule 16(b)(3)(A), a scheduling order must set a deadline for the amendment of pleadings and joinder of parties. Fed. R. Civ. P. 16(b)(3). A party's failure to abide by a court's scheduling order must establish due diligence, or "good cause". *See* Fed. R. Civ. P. 16(b)(4); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's

---

[2] Not all of arguments by the parties are set forth in detail herein. Nevertheless, the Court has considered the entirety of the parties' submissions on this application in reaching its decision herein.

scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a)." *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, Civ. No. 09-6259 (NLH), 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal quotation marks and citation omitted).

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civil No. 15-5909 (KM), 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

### III.   DISCUSSION

Here, the Court finds that Plaintiffs have established "good cause" as required under Rule 16 of the Federal Rules of Civil Procedure. Plaintiffs have noted that discovery has been voluminous in this case and not without issue. *See, e.g.*, Dkt. No. 253 at pp. 5-6. Plaintiffs have sufficiently established that, once they first discovered the proprietary information in late January

2022, they acted with due diligence to assess the potential claims and proceed with the instant application. Turning then to whether amendment is appropriate under Federal Rule 15 of the Federal Rules of Civil Procedure, the Court notes that the crux of the Defendants' oppositions relate to undue prejudice that would flow from the amendments. *See* Dkt. Nos. 245 & 247. Neither the eVenus Defendants nor the Sun/Natco Defendants have challenged the application based on futility. *See id.*

The Court finds that the eVenus Defendants and the Sun/Natco Defendants would face substantial prejudice if Plaintiffs are permitted to join the additional trade secret misappropriation claims to this Hatch-Waxman Act case. The Third Circuit has made clear that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (internal quotation marks omitted)). To establish prejudice, the non-movant must show that permitting the amended pleading would: (1) require the non-movant to expend significant additional resources on discovery and trial preparation; (2) significantly delay the case's resolution; or (3) preclude a party from asserting a timely action in another forum. *See BTG Int'l Ltd.*, 2017 WL 529446, at *3; *Long*, 393 F.3d at 400.

Both the eVenus Defendants and the Sun/Natco Defendants contend that inserting trade secret misappropriation claims into this Hatch-Waxman case, which is already scheduled for a trial in June 2023, would unnecessarily delay the proceedings and cause confusion and complexities in the case going forward. While the trial date is still more than one year away, there are still many outstanding items to accomplish in this case even without adding the trade secret misappropriation claims. *See, e.g.*, Dkt. No. 245. Indeed, there are multiple defendants in this case, all conscientious of the applicable 30-month stay here, and the proposed trade secret misappropriation claims relate

to only two of the Defendants. As the eVenus Defendants have stated, "[t]he Hatch-Waxman Act is designed to enable prompt resolution of patent infringement disputes." Dkt. No. 247 at p. 4 (citation omitted). Plaintiffs, too, have acknowledged the importance of a prompt resolution of this case. *See* Dkt. No. 253 at pp. 4-5. The Court finds that adding the trade secret misappropriation claims into this case would unnecessarily delay resolution of the time-sensitive patent infringement and validity claims already asserted and would make a comprehensive trial on all of the claims unmanageable.

For those reasons, the Court denies Plaintiffs' application to the extent they seek to amend their complaint in this action.

Nevertheless, the Court finds that Plaintiffs may be prejudiced if unable to pursue their trade secrets misappropriation claims in a relatively timely fashion. As a result, the Court grants Plaintiffs leave to file their trade secrets misappropriation claims as a separate action. Plaintiffs shall designate the action as related to this instant matter and the Court will schedule an initial conference promptly in that new action.

Further, the Court notes that Plaintiffs may able to establish that they can use the evidence relating to the misappropriation of trade secrets at the trial in this action to the extent it relates to the patent infringement and validity claims in dispute here.[3] *See* Dkt. No. 253 at p. 5, n.5. However, that issue can be addressed at a later, more appropriate time. Accordingly, the Court clarifies that this opinion is not intended to make any rulings as to evidentiary issues that may arise at a trial in this action.

---

[3] To the extent separate proceedings create disputes regarding discovery in this action, the Court will address them, as necessary and at the appropriate times.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' application to file a second amended complaint is DENIED in part and GRANTED in part. Should Plaintiffs wish to pursue their misappropriation of trade secrets claims, they are directed to file that complaint as a separate action in this Court, with a designation that it is related to the instant case. An appropriate Order follows.

Dated: April 28, 2022

/S/ Rukhsanah L. Singh
**HONORABLE RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**