UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PRODUCTS, L.P., and PHARMA MAR, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> EVENUS PHARMACEUTICALS LABORATORIES INC. and JIANGSU HENGRUI PHARMACEUTICALS CO. LTD., <br><br> Defendants. | Civil Action No. 1:22-cv-02499-RMB-RLS <br><br> **ORDER SEALING CERTAIN MATERIALS** <br><br> *Document Filed Electronically* |
| JANSSEN PRODUCTS, L.P., and PHARMA MAR, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> EVENUS PHARMACEUTICALS LABORATORIES INC., JIANGSU HENGRUI PHARMACEUTICALS CO. LTD., FRESENIUS KABI USA, LLC, NATCO PHARMA LTD, SUN PHARMACEUTICAL INDUSTRIES LTD., and SUN PHARMACEUTICAL INDUSTRIES INC., <br><br> Defendants. | Civil Action No. 1:20-cv-09369-RMB-RLS |

THIS MATTER having been opened to the Court by Defendants eVenus Pharmaceuticals Laboratories Inc. and Jiangsu Hengrui Pharmaceuticals Co., Ltd ("Defendants"), seeking an order sealing materials pursuant to Local Civil Rule 5.3 (the "Motion"); and Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A. having consented to the Motion; and the Court, having considered the papers submitted in support of and in

opposition to the Motion, hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On December 7, 2022, Defendants filed this Motion to Seal (the "Motion"), pursuant to Local Civil Rule 5.3, seeking to seal portions of the Transcript of the Hearing held before the Honorable Reneé Marie Bumb, U.S.D.J. on November 3, 2022 (ECF No. 128 in 22-2499 and ECF No. 423 in 20-9369) ("Transcript").

2. Defendants set forth the portions of Transcript that they seek to seal, the basis for sealing those portions, and the alleged injury that will result if the Transcript is not sealed in the Index filed with the Declaration of Karla Arias ("Arias Decl.") and James S. Richter ("Richter Decl.") in support of the Motion.

3. Defendants have moved to seal the portions of the Transcript that they contend contain their confidential information (collectively the "Confidential Information"), as indicated in the Arias Decl. and Richter Decl.

4. The Confidential Information concerns Defendants' confidential proprietary business information. *See generally* Arias Decl. and Richter Decl.

5. The Confidential Information discloses, cites, discusses, relies upon, and comprises confidential information that Defendants have a legitimate interest in protecting from competitors in the marketplace that could utilize such information to gain an unfair competitive advantage to Defendants' detriment. *See generally* Arias Decl. and Richter Decl.

6. A clearly defined and serious injury will result to Defendants if they are not permitted to keep the Confidential Information under seal. Specifically, the Confidential Information relates to Defendants' private confidential business information that would be

compromised and expose Defendants to substantial financial risk and serious injury should they become publicly available.

7. There is no less restrictive alternative to maintaining the Confidential Information under seal. Only the confidential information included in the Transcript will be restricted from public access, which is a necessary compromise in a litigation involving private litigants.

## CONCLUSIONS OF LAW

11. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

12. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

13. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."

*Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

14. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

15. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

16. Under Local Civil Rule 5.3(c)(2), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

17. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

18. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g., In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

19. For all the above reasons, and because Defendants' interests in the Confidential Information identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law:

**IT IS** on this 8th day of December, 2022,

**ORDERED** that Defendants' Motion be and the same is hereby **GRANTED**; and

**ORDERED** that the Confidential Information shall be permanently sealed and maintained under seal by the Court; and

**ORDERED** that the parties shall file revised redacted papers, as necessary, consistent with the terms of this Order; and

**ORDERED** that the Clerk of Court is hereby directed to TERMINATE the Motion pending at Docket Entry No. ~~440.~~ 437.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**HONORABLE RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**